The Chief Justice
delivered the opinion of the court.
This was an action brought by the M’Clains against Slaughter and Bard, upon an injunction bond executed by Slaughter, and Bard as his security, upon Slaughter’s obtaining an injunction to stay proceedings on a judgment at law against him as administrator. And the only question deserving consideration, is, whether the plea of plene ad-minislravit was admissible or not?
According to the statutory provisions of this state, a judgment, in most cases, against an executor or administrator,ses must be rendered to be levied'ot the estate oí the testator or intestate, and there can be no doubt, where an injunc-lion is obtained to stay proceedings upon such a judgment, that the executor or administrator should, in general, only be required to execute a bond to discharge the judgment, ta case the injunction should be dissolved, out of the estate of the testator or intesfate; and in an action upon a bond of that description, we apprehend jplenc administravit might well be pleaded.
There are, however, some cases in which the judgment against an execulor or administrator, ought tobe de ooms propriis, as in an action for a devastavit, or in an action on a contract, made, not by the testator or intestate, but by the executor or administrator, whereby he binds himself individually in relation to the estate of the deceased.
On obtaining an injunction to stay proceedings upo.n such a judgment, the executor or administrator ought, most disputably, to be required to give a bond binding himself in bis own right to pay the judgment, if the injunction should be dissolved, and to an action brought on such a bond, the glea of plene administravit would evidently constitute do *486 defence. In the bond on which the action in this case was brought, Slaughter and Bard have clearly bound themselves *n their own right to pay the judgment, in case the injunction should be dissolved. For the condition of the bond ⅛ not that Slaughter shall pay, as administrator, or that the payment shall be made out of the estate of the deceased, are ^0U!1C1 jointlj and severally to pay the mo-ney without 3ny limitation or restriction as to the fund or the manner in which the payment was to be made. Whether they were properly required to execute such a bond or noL we are not ca^ed uPon to decide. We may, however, remark, that there is nothing in the record to shew that they were not properly required to do so, and what has been done °®cers ^le ^aw> must be presumed to have been rightly done, unless the had been made to appear.
B- Iiardin for appellants, Hardin for appellees,
What has been done bv the officers of the l»w is have™6been done rightfully, until ropear"trary ’
The conclusion, therefore, inevitably results, that the plea of plene adrainistravit was insufficient to bar the plaintiffs of their action, and consequently the circuit court correctly sustained the demurrer thereto.
The judgment must be affirmed with costs and damages.